UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

MAYRA I. LOPEZ
and other similarly-situated individuals,

    Plaintiff(s),

v.

WALDORF=ASTORIA EMPLOYER LLC
a/k/a WALDORF ASTORIA ORLANDO
d/b/a/ WALDORF ASTORIA ORLANDO

    Defendant,
_____/

# COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff MAYRA I. LOPEZ, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant WALDORF=ASTORIA EMPLOYER LLC, a/k/a WALDORF ASTORIA ORLANDO and alleges:

## JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff MAYRA I. LOPEZ is a resident of Osceola County, within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant WALDORF=ASTORIA EMPLOYER LLC, a/k/a WALDORF ASTORIA ORLANDO (hereinafter WALDORF ASTORIA ORLANDO Defendant) is a foreign corporation registered to do business in Florida. Defendant has a place of business in

Orlando, Florida. At all times material hereto, Defendant was engaged in interstate commerce.

4. All the actions raised in this complaint took place in Osceola County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

5. This cause of action is brought by Plaintiff MAYRA I. LOPEZ as a collective action to recover from the Defendant overtime compensation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked over forty (40) hours during one or more weeks on or after June 2017, (the "material time") without being properly compensated.

6. Defendant WALDORF ASTORIA ORLANDO. is a Florida business that provides hospitality services. Defendant operates the WALDORF ASTORIA ORLANDO hotel located at 14200 Bonnet Creek Resort Lane, Orlando, FL 32821, where Plaintiff worked.

7. Defendant WALDORF ASTORIA ORLANDO employed Plaintiff MAYRA I. LOPEZ from approximately May 09, 2016. Plaintiff's last day of work was March 20, 2020, date in which the WALDORF ASTORIA ORLANDO hotel closed due to the COVID-19 quarantine.

8. Plaintiff has been working for the Defendant for more than 4 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 156 weeks. Plaintiff is still employed by the Defendant.

9. Plaintiff was hired as a non-exempted, full-time, hourly employee. Plaintiff had duties as a housekeeper and her last wage-rate was $15.50 an hour.

10. During her time of employment with Defendant, Plaintiff, and other similarly situated individuals maintained a regular schedule. Plaintiff worked 5 days per week, from Wednesday to Sunday more than 40 hours every week. Sometimes she worked 6 days per week.

11. While employed by the Defendant, the Plaintiff was required to begin her work at 7:00 AM, she worked until 4:30 PM. (9.5 hours every day). However, Plaintiff was not allowed to punch-in until 8:00 AM. Plaintiff worked 1 off-the-clock hour every day.

12. Plaintiff was paid from 8:00 AM to 4:30 PM, resulting in a workweek of 40 hours weekly. When Plaintiff worked after 4:30, she was paid overtime hours correctly.

13. Nevertheless, Plaintiff was not compensated for a minimum of 5 off-the-clock hours every week, which constitute unpaid overtime hours.

14. Plaintiff clocked in and out, and the Defendant was able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

15. Therefore, Defendant willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that she worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. Plaintiff was paid bi-weekly with checks and paystubs that did not show the real number of hours worked.

17. Plaintiff is not in possession of time and payment records, but she will provide a good faith estimate based on a workweek of 5 days with 5 off-the-clock overtime hours.

18. Plaintiff MAYRA I. LOPEZ seeks to recover 5 off-the-clock overtime hours, at the rate of time and a half her regular rate, for the relevant period of employment, liquidated damages, and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid regular and/or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME

20. Plaintiff MAYRA I. LOPEZ re-adopts every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. This cause of action is brought by Plaintiff MAYRA I. LOPEZ as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after June 2017, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

22. Defendant WALDORF ASTORIA ORLANDO was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant provides lodging services to the general public and through its business activity,

affects interstate commerce. The Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly situated employees were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly-situated worked as housekeepers, and through their daily activities, Plaintiffs not only regularly, handled, or otherwise worked on goods and/or materials that had been produced for commerce and moved in interstate commerce at any time in business, but Plaintiff's activities were directed to the maintenance of the facilities providing services in interstate commerce. Therefore, there is FLSA individual coverage.

24. Defendant WALDORF ASTORIA ORLANDO employed Plaintiff MAYRA I. LOPEZ from approximately May 09, 2016. Plaintiff's last day of work was March 20, 2020, date in which the WALDORF ASTORIA ORLANDO hotel closed due to the COVID-19 quarantine.

25. Plaintiff has been working for the Defendant for more than 4 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 156 weeks. Plaintiff is still employed by the Defendant.

26. Plaintiff was hired as a non-exempted, full-time, hourly employee. Plaintiff had duties as a housekeeper and her last wage-rate was $15.50 an hour.

27. During her time of employment with Defendant, Plaintiff, and other similarly situated individuals maintained a regular schedule. Plaintiff worked 5 days per week, from Wednesday to Sunday more than 40 hours every week. Sometimes, Plaintiff worked 6 days per week.

28. While employed by the Defendant, the Plaintiff was required to work off-the-clock hours that were not compensated at any rate. Plaintiff began to work at 7:00 AM, but she was not allowed to clock in until 8:00 AM.

29. Plaintiff was paid for 40 hours plus overtime hours, if any, worked after 4:30 PM. However, she was not paid for 5 off-the-clock hours every week. These 5 off-the-clock hours constitute 5 unpaid overtime hours per week.

30. Plaintiff clocked in and out, and the Defendant was able to keep track of the hours worked by the Plaintiff and other similarly situated individuals.

31. Therefore, Defendant willfully failed to pay Plaintiff for overtime hours at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

32. Plaintiff was paid bi-weekly with paystubs that did not show the real number of hours worked.

33. The records, if any, concerning the number of hours worked by the Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of the Defendant. However, upon information and belief,

Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

34. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

35. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

36. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    * Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate. After proper discovery, Plaintiff will adjust her statement of claim properly.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Eighteen Thousand One Hundred Thirty-Five Dollars and 00/100 ($18,135.00)

    b. <u>Calculation of such wages</u>:

       Total period of employment: 156 weeks
       Relevant weeks of employment:  156 weeks
       Total hours worked:  47.5 hours weekly average
       Total unpaid overtime hours: 5 off-the-clock overtime hours
       Regular rate: $15.50 x 1.5= $23.25 O/T rate
       O/T rate: $23.25 an hour

       O/T rate $23.25 x 5 hours=$116.25 weekly x 156 weeks=$18,135.00

       <u>Nature of wages (e.g. overtime or straight time)</u>:

       This amount represents unpaid off-the-clock overtime wages.

37. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1). In that, Plaintiff and those similarly-situated performed services and worked over the maximum hours provided by the Act but no provision was made by the Defendant

to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

38. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

39. Defendant WALDORF ASTORIA ORLANDO willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

40. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MAYRA I. LOPEZ and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff MAYRA I. LOPEZ and other similarly situated individuals and against the Defendant WALDORF ASTORIA ORLANDO, based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff MAYRA I. LOPEZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff MAYRA I. LOPEZ demands trial by a jury of all issues triable as of right by a jury.

Dated:  June 26, 2020

          Respectfully submitted,

          By:  /s/ **Zandro E. Palma**
          ZANDRO E. PALMA, P.A.
          Florida Bar No.: 0024031
          9100 S. Dadeland Blvd.
          Suite 1500
          Miami, FL 33156
          Telephone: (305) 446-1500
          Facsimile:  (305) 446-1502
          zep@thepalmalawgroup.com
          *Attorney for Plaintiff*